CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

MAR 13 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH BOWLER,<br>  Plaintiff, | Civil Action No. 7:08-cv-00210 |
| v. | MEMORANDUM OPINION |
| C/O KENDRICK, et al.,<br>  Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

  Plaintiff Joseph Bowler, an inmate at Red Onion State Prison, has submitted a stack of prison grievance forms, which the court construed and filed as a pro se civil rights action, pursuant to 42 U.S.C. §1983, against the prison officials named in the grievances. Bowler asserts that the named officers have denied him recreation and showers. Upon review of the record, the court concludes that this action must be dismissed without prejudice, pursuant to 28 U.S.C. §1915(g), because Bowler does not qualify to proceed without prepayment of the $350.00 filing fee.

  Court records indicate that Bowler has filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim: Bowler v. Braxton, 7:03-cv-00652 (W.D. Va. December 3, 2003)(dismissed under §1915A, failure to state a claim); Bowler v. Young, 7:03-cv-00231 (W.D. Va. April 7, 2003)(dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim); Bowler v. Young, 7:03-cv-00148 (W.D. Va. March 6, 2003) (dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim). Therefore, under 28 U.S.C. §1915(g), he is barred from filing a civil

1

Dockets.Justia.com

action in <u>forma pauperis</u> in this court unless he demonstrates that he is in imminent danger of physical harm related to his claims.

Bowler fails to allege any manner in which occasional denial of showers and recreation place him in imminent danger of physical harm sufficient for <u>in forma pauperis</u> under § 1915(g). The incidents when he was allegedly denied these activities in the past cannot support a claim of imminent danger without some indication that the denials will both continue and threaten Bowler with serious physical harm in some way. In fact, the responses to Bowler's grievances state that showers are offered three times per week and recreation is offered five times per week, if the inmate indicates to officials that he wants to participate in these activities. The grievance respondent indicates that Bowler has not been responding to officers when they ask if he wants a shower or recreation. Certainly, Bowler must comply with prison regulations in order to enjoy regular showers and recreation.

For these reasons, the court finds that Bowler fails to allege facts sufficient to satisfy the "imminent danger" requirement for <u>in forma pauperis</u> under §1915(g). As Bowler is well aware of his three strikes and the requirement that he prepay the fee or otherwise satisfy §1915(g), the court will dismiss this action without prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 13th day of March, 2008.

/s/ James C. Turk
Senior United States District Judge

2